UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARMANDO RENTERIA SIMENTAL,<br><br>  Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County,<br><br>  Respondents. | Case No. 1:26-cv-00330-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Armando Renteria Simental's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Emergency Motion for Temporary Restraining Order (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 4. The Government opposes Renteria Simental's Petition. Dkt. 6.[1] Upon review, and for the reasons set forth below, the

---

[1] While the time for Renteria Simental to file a reply brief has not yet run, the Court finds it need not wait for further briefing.

MEMORANDUM DECISION AND ORDER - 1

Court GRANTS Renteria Simental's Petition and denies the Motion for Temporary Restraining Order as MOOT.

## II. BACKGROUND

Renteria Simental is a Mexican national who has lived in the United States since his entry in 1996. He is the father of four United States citizen children and owns and operates a business in Idaho. Renteria Simental was recently detained by ICE following his arrest for Driving Under the Influence and is currently being held at the Elmore County Detention Center in Mountain Home, Idaho, pursuant to the Department of Homeland Security's ("DHS") authority.

Renteria Simental contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

## III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## IV. DISCUSSION

Renteria Simental's Petition represents one of many habeas cases in the District of Idaho. All District Judges in this District agree DHS's position regarding the interplay between 8 U.S.C. §§ 1226(a) and 1225(b)(2), and the associated bond provisions, is erroneous. S*ee, e.g.*, *Quijada Cordoba v. Knight*, No. 1:25-cv-00605-BLW, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-CV-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Artega v Leyva,* 1:26-CV-00236-DCN, 2026 WL 1283869 (D. Idaho May 11, 2026). The Court will not repeat that analysis here as it is well known at this point. The Government maintains its standing objection to the Court's holding. Dkt. 6, at 3. The objection is noted and overruled.

Other than maintaining its prior position, the Government does little to suggest the outcome in this case should differ from what the Court has done in other cases. In fact, the Government acknowledges this case "presents no complicating feature from those previously filed petitions for habeas corpus relief wherein the Court has ordered release." Dkt. 6, at 2. The Court appreciates the Government's candor. And the Court agrees. Renteria Simental has a limited criminal history and there is no evidence suggesting the Court need deviate from what has become its standard operating procedure.

Now, the Government does ask that the Court refrain from releasing Renteria Simental outright, insisting he remain in custody subject to DHS's determination concerning potential charges and a bond hearing. But, as the Court has noted, this approach is backwards. *Ochoa Yepes, v. Ruben Leyva,* 2026 WL 1494386, at *2 (D. Idaho May 28, 2026). Renteria Simental should remain at liberty and be taken into custody only *after* a

determination that he has been charged with committing some crime. Moreover, as previously explained, *see Artega,* 2026 WL 1283869, at *2, the Court is not confident in the fairness and efficacy of bond hearings at this time.  Accordingly, the Court grants Renteria Simental's Petition and orders his immediate release from custody.

## V. ORDER

1. Renteria Simental's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2. Renteria Simental's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: June 5, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4